IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLISON H. GORMLY,

        Plaintiff,

v.                                                                                   CV 20-00719 JCH/JHR

CITY OF RIO RANCHO, NEW MEXICO,

        Defendant.

## PROPOSED FINDINGS AND RECOMMEND DISPOSITION

THIS MATTER comes before the Court on Defendant City of Rio Rancho, New Mexico's ("Rio Rancho") Motion to Dismiss [Doc. 9], filed August 17, 2020. Pursuant to 28 U.S.C. §636(b), presiding Senior District Judge Judith C. Herrera referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case." [Doc. 12]. Having reviewed the Motion and the relevant law, I recommend granting the Motion and dismissing the case without prejudice because Plaintiff lacks Article III standing.

    **I.**    **BACKGROUND**

On July 7, 2020, Plaintiff Willison H. Gormly filed his Complaint seeking both monetary damages and injunctive relief from Defendant for alleged violations of his rights under the First and Fourteenth Amendments to the United States Constitution. [Doc. 1, pp. 6-8]. From what this Court can discern from Gormly's thirty-eight page Complaint, which mainly consists of theological discussions, Gormly seems to allege that Rio Rancho's anti-public nudity ordinance violates Plaintiff's First Amendment right to freely practice his religious beliefs which include the practice of social nudism. [*See id.*, pp. 7-9; Rio Rancho, N.M., Municipal Code ch. 133 §

1

133.01(L)]. Gormly alleges that the Rio Rancho ordinance forced him to drive to California to practice his religious beliefs, which put wear and tear on his body. [Doc. 1, p. 7].

On August 17, 2020, Rio Rancho filed the Motion to Dismiss currently before the Court. [Doc. 9]. Rio Rancho asserts that Gormly's Complaint violates Federal Rules of Civil Procedure 8; alternatively, Rio Rancho challenges Gormly's Article III standing. [*Id.*, pp. 4-7]. Gormly did not file a response and the time to do so has passed.  *See* D.N.M.LR-Civ. 7.4(a).

## II.     ANALYSIS

### A.  Legal Standard for Standing

Article III of the United States Constitution limits the jurisdiction of federal courts to "[c]ases" and "[c]controvers[ies]." U.S. Const. art. III, § 2. In federal cases, the party bringing the suit bears the burden to establish standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Elk Grove Unified Sch. Dist. V. Newdow*, 542 U.S. 1, 11 (2004). That burden is met by showing: (1) a concrete and particularized injury that is actual or imminent ("injury in fact"); (2) a sufficient causal connection between the injury and the challenged action; and (3) a likelihood that the injury will be redressed by a favorable ruling. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014). A self-inflicted injury does not qualify as an injury in fact if it is based on a fear of hypothetical future harm that is not certainly impending. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 416 (2013).

### B.  Application

Gormly bears the burden to establish his Article III standing to bring his claims, yet he did not respond to Rio Rancho's standing challenge. While a pro se litigant's pleadings are to be construed liberally and, at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may satisfy a plaintiff's Article III standing requirement, the Court cannot

act as an advocate for a pro se litigant. *See Lujan*, 504 U.S. at 561; *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

The purpose of the injury in fact requirement is to ensure that the plaintiff has a personal stake in the litigation; the mere presence of an unconstitutional statute on the books by itself does not establish standing. *See Driehaus*, 573 U.S. at 158; *Winsness v. Yocom*, 433 F.3d 727, 732 (10th Cir. 2006). A plaintiff must establish a concrete and particularized injury that is actual or imminent ("injury in fact"). *See Driehaus*, 573 U.S. at 158. Gormly's only alleged injury is self-inflicted wear and tear on his body resulting from his trips to California. [Doc. 1, p. 7]. It appears from his Complaint that Gormly's self-inflicted injury resulted from his fear of hypothetical harm in the event of enforcement of Rio Rancho's public nudity ordinance. [*See id.*]. Gormly presents no factual allegation that enforcement of the ordinance against him has occurred or is certainly impending. *Contra Driehaus*, 573 U.S. at 166.

Because Gormly failed to allege that he faces a threat of certainly impending harm, his self-inflicted injury cannot be used to establish injury in fact. Furthermore, Gormly does not allege any other injury that could potentially show injury in fact sufficient for Article III standing. A plaintiff bears the burden to establish every element of standing, including injury in fact, and absent a prima facia showing of standing, this Court lacks jurisdiction.[1]

As the Court lacks jurisdiction over this claim, Gormly's Complaint must be dismissed. Such a dismissal, however, is without prejudice, *see* Fed. R. Civ. P. 41(b) (dismissal for lack of jurisdiction not an adjudication on the merits), Gormly is not prohibited from filing a proper claim if he has one.

---

[1] Because Defendant's standing argument is dispositive, I do not reach the additional arguments advanced in support of dismissal.

### III. RECOMMENDATION

Because Gormly failed to demonstrate an injury in fact sufficient for Article III standing, I **recommend** that the Court grant Rio Rancho's Motion to Dismiss and dismiss the case without prejudice.

                                                                          _____
                                                                          JERRY H. RITTER
                                                                          UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).

**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**