IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLISON H. GORMLY,

        Plaintiff,

v.                                                                                CV 20-00719 JCH/JHR

CITY OF RIO RANCHO, NEW MEXICO,

        Defendant.

# ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on the Proposed Findings and Recommended Disposition ("PFRD") of Magistrate Judge Jerry H. Ritter [Doc. 15], entered at the undersigned's request pursuant to 28 U.S.C. § 636(b). [*See* Doc. 12]. In the PFRD, Magistrate Judge Ritter recommends that the Court 1) grant Defendant City of Rio Rancho, New Mexico's ("Rio Rancho") Motion to Dismiss [Doc. 9], and 2) dismiss the case without prejudice because Plaintiff Willison H. Gormly failed to demonstrate an injury in fact sufficient for Article III standing. [*See* Doc. 15, p. 4]. The PFRD notified the parties of their ability to file objections and that failure to do so waives appellate review. [*Id.*]. To-date, Gormly filed two letters to the Court, but no objections have been filed and the time to do so has passed. [Doc. 17; *see* Docs. 16, 18]. Having considered Gormly's letters, the Court hereby adopts the PFRD, grants Rio Rancho's Motion to Dismiss, and dismisses the case without prejudice.

**I.**      **BACKGROUND**

Magistrate Judge Ritter entered his PFRD on February 9, 2021 and notified the parties of their ability to file objections within 14 days. 28 U.S.C. § 636(b)(1)(C); [Doc. 15, p. 4]. Gormly filed a letter to the Court on February 19, 2021, alleging, *inter alia*, that he is missing some files

in this case. [Doc. 16, p. 1]. In response to this portion of the letter, the Court found good cause to extend the objections deadline to March 9, 2021 and mailed Gormly the docket sheet and all the documents relevant to the PFRD. [Doc. 17]. Gormly filed a second letter on February 24, 2021. [Doc. 18]. In his two letters, Gormly talks about his life and beliefs and intermittently addresses the PFRD. [*See generally* Docs. 16, 18]. However, he does not raise any specific objections and no separate objections have been filed. [*See Id.*]. The time to do so has passed. [Doc. 17].

## II. STANDARD OF REVIEW

District Judges may refer dispositive motions to Magistrate Judges for proposed findings and a recommended disposition pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). To preserve an issue for review, a party's objections must be "both timely and specific." *United States. v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). In reviewing such objections, the district judge must "make a *de novo* determinations of those portions of the [PFRD] … to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). While the district judge must conduct a *de novo* review of the record, no specific findings are required, and the Court may place whatever reliance it chooses on the magistrate judge's recommendation. *See Garcia v. City of Albuquerque*, 232 F.3d 760 (10th Cir. 2000); *United States v. Raddatz*, 447 U.S. 667, 676 (1980).

## III. GORMLY'S LETTERS

While Gormly did not title his letters to the Court as objections, in consideration of 1) the timing of his filing, 2) the fact that Gormly discusses the PFRD, 3) Gormly's pro se status, and 4)

the interests of justice, the Court will construe them as objections to the PFRD. *See e.g. Jones v. Azar*, No. CIV 19-0477 JB\JHR, 2020 WL 4569442, at *2 (D.N.M. Aug. 8, 2020) (Court considered petitions based on its substantive contents instead of its captions.).

Even though Gormly intermittently addresses the PFRD in his letters, his comments are not specific to the factual and legal issues actually in dispute. The Court only reviews specific and timely objections *de novo*, and all other objections are waived. *See* 28 U.S.C. § 636(b)(1)(C); *One Parcel of Real Prop.*, 73 F.3d at 1059-60. Even though a pro se litigant's pleadings are to be construed liberally, the Court cannot act as an advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, to the extent objections were raised, the Court overrules them because they are not specific to Magistrate Judge Ritter's findings of fact or conclusions of law.

## IV. CONCLUSION

Because Gormly did not raise any issues that are specific to the factual and legal issues in dispute, **IT IS THEREFORE ORDERED** that:

1) Magistrate Judge Ritter's PFRD [Doc. 15] is **ADOPTED**;

2) Rio Rancho's Motion to Dismiss [Doc. 9] is **GRANTED**; and

3) Gormly's Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

_____
SENIOR UNITED STATES DISTRICT JUDGE